Scofield J.,
delivered the opinion of the court:
Eslin, as administrator of Connolly, claims in his petition that the defendant is indebted to his intestate in the sum of about ■$11,000.
Galt claims in his petition that Connolly in his life-time assigned to him $2,327 of his demand against the defendant.
The defendant denies all indebtedness.
For the purpose of trial, the two cases have been consolidated by the court under the Act of June 16, 1880 (21 Stat. L., 284).
It appears by a transcript of the record of the Supreme Court of the District of Columbia, sitting as an orphan’s court, that Eslin was appointed administrator on the same day in which application was made therefor, in violation, as is alleged, of the law of Maryland in force in this District, which provides “ that .no letters of administration shall be granted until at least seven *127 days after application for the same.” (Dennis’s Probate Law of the District of Columbia, 47.)
When this case comes on for trial it will devolve upon both claimants to show an indebtedness by the defendant to Connolly. After that the claimant Galt must show for himself that Connolly in his life-time made an assignment to him. This he cannot do by showing that some other party has no legal right to assert a claim for the same fund. He cannot rely upon the weakness of a rival claim, but most affirmatively prove his own. Of course, in proving that the fund belongs to him, he incidentally proves that it does not belong to anybody else. But the converse is not true. Proving that some other party is not a legal claimant does not prove that he is.
The plea and motion seem to assume that a favorable decision thereon by the court will in some way facilitate Galt’s recovery. We do not so regard it. The defendant, even admitting the indebtedness to Connolly, might properly be heard upon such plea and motion, because it cannot be called upon to pay an acknowledged debt to a party not authorized to receive it. But this principle does not apply to Galt. His claim is against the defendant. He may, to be sure, assist the defendant to disprove an assignment to Galt; but that he can do without being a party to the record.
The defendant, however, has not joined in these proceedings. For the present it may be, in the opinion of counsel, for the interest of the defense that the estate of Connolly should be represented; otherwise a judgment obtained by and paid to one party might not bar a subsequent suit by the other.
Galt claims under an assignment that Eslin controverts. Bslin claims under letters that Galt controverts. It may happen in the end that the defendant may assent to both positions and seek to defeat one claimant because he has no valid assignment and the other because he has no valid letters; for showing the invalidity of the letters will not validate the assignment and showing the invalidity of the assignment will not validate the letters.
The two claimants have a common interest until a case is made out in favor of Connolly. After that Galt must prove his assignment. When thus proved it will be equally efficacious against the defendant whether the Connolly estate is properly •or improperly represented, or not represented at all.
*128 It is not for Galt to complain of the presence of Eslin as a suitor, since even with undisputed authority he would be powerless to recall or impair the legal rights which Connolly, in his life-time, created; though, with only authority de facto y he might thus bar an action for money had and received (Galt having recovered the claim) if by any possibility such an action could otherwise be maintained.
Without passing upon the validity of the letters of administration, the court overrules the plea and denies the motion.